## YOUNG v. STATE OF INDIANA.

[No. 25,120.    Filed December 21, 1926.]

1. CONTEMPT.—*Failure of record to show that court's statement of charges of direct contempt was reduced to writing held unimportant on appeal.*—The statute concerning contempt of court (§1082 Burns 1926) requiring that in a case of direct contempt, the statement of the court as to the acts constituting the contempt shall be reduced to writing, it will be presumed that this was done, there being a presumption that the trial court acted in conformity to the statute, and the failure of the record to show that the statement was reduced to writing is immaterial.    p. 631.

2. CONTEMPT.—*Failure of court to reduce the charges of direct contempt to writing not available error where no objection made or exception taken.*—One charged with a direct contempt of court who does not make any objection or take any exception to the action of the court in the contempt proceeding cannot take any advantage of the failure of the court to reduce the charges to writing as required by §1082 Burns 1926. p. 631.

3. CONTEMPT.—*Giving false testimony constitutes direct contempt of court although testimony did not constitute perjury.*— Ordinarily, false testimony is such an obstruction of justice as to constitute a direct contempt of court, and this is true although it was not in reference to material matter and, therefore, did not constitute perjury.    p. 631.

4. CONTEMPT.—*Knowingly giving false testimony in trial constitutes direct contempt.*—One who knowingly gave false testimony in the trial of a case in a court was guilty of such conduct as constituted a direct contempt of the court.    p. 631.

From Vanderburgh Circuit Court; *Charles P. Bock,* Judge.

Herman Young was convicted of perjury, and he appeals.  *Affirmed.*

*W. D. Hardy,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Frank L. Greenwald,* Deputy Attorney-General, for the State.

GEMMILL, C. J.—The judgment of fine and imprisonment, from which appellant has taken this appeal, was rendered in a contempt proceeding in which he was charged with swearing falsely as a witness.

Part of the order-book entry of the Vanderburgh Circuit Court, made on August 12, 1925, is as follows: "Comes now the defendant, Herman Young, in person and by his attorney, Lorin H. Kiely, and the court now states to the defendant that said defendant after being duly sworn on oath as a witness in cause number 7823, this court, did testify that 'His wife Emma Young was out of the city of Evansville and that she was on her way to Chicago,' at the time of his testimony on the 10th day of August, 1925, and the defendant now admits that he so testified, and that said testimony was false and untrue and that he knew that said testimony was false and untrue at the time he testified."

His assignment of errors consists of two specifications, but the second is included in the first, which is that the court erred in overruling his motion for a new trial. Four causes are given in the motion for a new trial, but the only one which is a statutory cause and which is presented is that the finding of the court is contrary to law.

In §1082 Burns 1926, §1046 Burns 1914, the law in regard to trial for direct contempt is thus stated: "When any person shall be arraigned for a direct contempt in any court of record of this state, no affidavit, charge in writing, or complaint shall be required to be filed against him, but the court shall distinctly state

the act, words, signs or gestures, or other conduct, of the defendant which is alleged to constitute such contempt; and such statement shall be reduced to writing, either by the judge making it or by some reporter authorized by him to take it down when made; and the same shall be substantially set forth in the order of the court on the same, together with any statement made in explanation, extenuation or denial thereof which the defendant may make in response thereto."

Appellant claims that the finding of the court was contrary to law as it was required that such statement be reduced to writing and this was not done. It is not shown by the record that the statement of the court was reduced to writing when made, as required. But there is a general presumption in favor of the rightfulness of what has been done in the lower court. 2 Thompson, Trials (2d ed.) §2406; Ewbank, Manual of Practice (2d ed.) §209. But, even if appellant's contention is correct, he cannot take any advantage thereof, as he was present in court with his attorney and did not make any objection or take any exception and does not · claim that he was harmed thereby. And upon being found guilty, he had the right, as provided by the section, part of which has been quoted, to except to the opinion and judgment of the court, which he did not do.

As to direct contempt of court, it is provided in §1077 Burns 1926, §1041 Burns 1914, as follows: "Every person who, being sworn to testify as a witness in any court of record, in any trial or proceeding therein, shall refuse to testify touching the same; or who, being required by any court to be sworn in any such trial or proceeding, shall refuse to take an oath or affirmation therein; or who, while upon the witness stand, shall purposely so demean himself as to retard or disturb the proceedings thereof—

shall be deemed guilty of a direct contempt thereof." Ordinarily, false swearing by a witness is held to be such an obstruction of justice as to constitute a direct contempt of court. 13 C. J. 25, §31. It is not necessary that the false testimony upon which the charge of contempt is based constitute perjury. The record does not show whether the false testimony given by appellant was concerning any material fact then on trial. It may not have been perjury, but it was of enough importance to cause the court to give it consideration and to assess against the appellant the limit of fine and imprisonment for contempt. In *In re Nunns* (1919), 176 N. Y. Supp. 858, it was held that the commission of perjury was not essential to a contempt where a juror on examination without oath made false statements. In the instant case, the admission of the appellant showed that he gave false testimony which he knew was false in the presence of the court while it was sitting judicially. Before making its finding and pronouncing judgment, the court judicially knew that appellant's testimony, concerning which he was charged with contempt, was false. In Chamberlayne, Modern Law of Evidence §249, it is said: "Of possible acts, few are so antagonistic to the objects of judicial administration as the intentional false swearing which seeks to baffle the search for truth, without which justice is impossible. Such swearing is a flagrant insult to the dignity of the court." The appellant, without any regard for the oath he had taken, and without any consideration or respect for the authority, justice or dignity of the court, gave testimony which he knew was false, and by so doing he purposely demeaned himself as to retard the proceedings of the court. He was guilty of direct contempt. No error appears in the lower court.

The judgment is affirmed.