MURLEY, CONKLIN v. STATE OF INDIANA.

[No. 29,893. Filed July 1, 1960.]

*Gerald A. Gernstein*, of Jeffersonville, for appellant.

*Edwin K. Steers*, Attorney General, and *Richard M. Givan*, Deputy Attorney General, for appellee.

LANDIS, J.—Appellants were charged with possessing gambling devices, known as pinball machines, which machines were alleged to be equipped with automatic recording devices providing the right to replay in violation of Burns' Indiana Statutes §10-2332 (1956 Replacement).[1] The causes were consolidated together for trial and appellants were tried by a jury resulting in their conviction. They were each fined in the sum of $500.00 and appeal from the judgment.

Appellants contend the court erred in overruling their motion in arrest of judgment on the alleged grounds of the motion that (1) the facts stated in the affidavits did not constitute a public offense and that (2) the

1. Acts 1955, ch. 265, §4, p. 713.

facts were not stated with sufficient certainty. Appellants contend the affidavits were insufficient in failing to charge intent, knowledge and possession.

The amended affidavits omitting formal parts were in the following form:

> "Kenneth Groth being duly sworn upon oath, says, that at the County of Clark, in the State of Indiana, on or about the 7th day of March, 1959, One Harlow Conklin did then and there *unlawfully and* wrongfully and *knowingly* keep, *possess and exhibit to the general public* at Conks Restaurant on State Road 62, near the Town of Charlestown, said County and State, for the purpose of gain and to play games thereon, by which to win money from divers persons who might be induced to wager money thereon *a* certain *gaming device* known as a 'pin-ball machine,' which machine was provided with an automatic recording device providing the right to replay, which was mechanically conferred on players of said pin-ball machine, being then and there contrary to the form of statutes in such cases made and provided and against the peace and dignity of the State of Indiana." (Emphasis added.)

Burns' §10-2332, *supra,* provides:

> "Whoever knowingly owns, manufactures, possesses, buys, sells, rents, leases, stores, repairs or transports any gambling device or offers or solicits any interest therein, whether through an agent or employee or otherwise, shall upon conviction be fined not more than one thousand dollars [$1,000], or imprisoned not more than one [1] year, or both." Acts 1955, ch. 265, §4, p. 713.

It will be noted that the amended affidavits among other things did allege that appellants ". . . did then and there unlawfully . . . *knowingly* . . . *possess* and exhibit to the general public . . . a certain gaming device known as a 'pin-ball machine,' . . ." etc. (Emphasis added.)

A reading of the affidavits thus reveals that they are not insufficient to allege intent, knowledge or possession as contended by appellants, but the affirmative allegations of "knowingly" and "possess" are sufficient in this respect. Appellants have contended that the original affidavits before amendment did not contain all of such allegations. However, that question is immaterial here as no objection is here before us as to the amendment of the affidavits and it appears that appellants were arraigned upon the amended affidavits and tried thereon. See: Burns' §9-1124 (1956 Replacement).[2] Appellants' contentions are not meritorious.

Appellants further contend in support of their motion in arrest of judgment that Burns' §10-2332 (1956 Replacement), *supra,*[3] and Burns' §10-2330(4) (1956 Replacement),[4] as amended are unconstitutional as being in violation of certain provisions of the Indiana and United States Constitutions. We believe however, that the questions here raised by appellants have been decided adversely to them in the recent case of *Peachey et al.* v. *Boswell, Mayor et al.* (1960), 240 Ind. 604, 167 N. E. 2d 48, wherein this Court held such statute to be constitutional.

The remainder of the contentions of appellants relate to the overruling of the appellants' motion for new trial which the record shows was not filed until 81 days after the return of the verdict by the jury, although the statute requires the motion to be filed within 30 days from the date of the verdict or finding. See: Burns' §9-1903 (1956 Replacement), being Acts 1905, ch. 169, §282, p. 584.

---

2. Acts 1905, ch. 169, §172, p. 584.
3. Acts 1955, ch. 265, §4, p. 713, *supra.*
4. Acts 1955, ch. 265, §2, p. 713.

Appellants urge that the time within which to file their motion for new trial should be computed from the time of ruling on the motion in arrest of judgment, if a motion in arrest is filed, rather than from the date of the verdict or finding. The statute makes no exception to the statutory requirement that the motion for new trial be filed within 30 days from the verdict or finding, and it is our opinion that the statutory time cannot be deemed to be extended by a motion in arrest of judgment.

The motion not having been filed within the statutory period it is our conclusion that nothing is before us as to the matters urged in the motion for new trial.

Judgment affirmed.

Jackson, C. J., and Bobbitt, Achor and Arterburn, JJ., concur.

NOTE.—Reported in 168 N. E. 2d 205.