KENNEDY v. KENNEDY.

[No. 29,931. Filed March 23, 1961. Rehearing denied May 12, 1961.]

*Nathan R. Glover,* of Gary, for appellant.

*Harry Schell* and *Murray & Schell,* of Gary, for appellee.

PER CURIAM.—Two appeals have been consolidated in this cause.

The first appeal is from a judgment rendered on May 15, 1959, in favor of appellee in a divorce action wherein appellee was granted a divorce from appellant, custody of the minor children of the parties, and certain real estate and personal property owned by the parties.

The second appeal is from a modification of the above divorce decree which modification was entered on April 29, 1960, granting increased support for the minor children of the parties and a later order granting appellee attorney's fees to defend this appeal.

It is apparent that neither appeal attempted to be taken by appellant is properly appealable to the Supreme Court. The first of the consolidated appeals being from a judgment granting a divorce, custody and settling property rights is not within the class of cases which by statute are appealable directly to the Supreme Court, and according to such statute it is appealable instead to the Appellate Court.[1]

---

1. Burns' Indiana Statutes, §4-214 (1946 Replacement), being Acts 1925, ch. 201, §1, p. 487, provides:

"Appeals to be taken to the Supreme Court—All others to Appellate Court.—Hereafter all appeals in appealable cases in the following classes shall be taken directly to the Supreme Court, viz.:

"First. All cases in which there is in question, and such ques-

Appellant cannot successfully invoke the jurisdiction of this Court by assigning certain constitutional questions on appeal, when he has not seasonably heretofore presented such questions to the trial court. Here such constitutional questions appear first to have been brought to the attention of the trial court in a motion for new trial filed more than six months after the decision (finding) of the court and therefore no question was presented. The statutory period of

tion is duly presented, either the validity of a franchise or the validity of an ordinance of a municipal corporation, or the constitutionality of a statute, state or federal, or the rights guaranteed by the state or federal constitution.

"Second. All criminal prosecutions.

"Third. Actions to contest the election of public officers.

"Fourth. Cases of mandate and prohibition and actions or proceedings in quo warranto.

"Fifth. Cases of habeas corpus.

"Sixth. Proceedings to establish drains and proceedings to change or improve water-courses.

"Seventh. Condemnation proceedings for the appropriation of lands for public use.

"Eighth. Proceedings to establish gravel roads and proceedings to establish public highways and proceedings to vacate public highways.

"Ninth. Prosecutions for contempt of the lower courts.

"Tenth. Applications for admission to the bar to practice law and proceedings to disbar an attorney-at-law.

"Eleventh. Appeals may be taken to the Supreme Court from the following orders: Interlocutory orders for the payment of money or to compel the execution of any instrument in writing or the delivery or assignment of any securities, evidences of debt, documents or things in action.

"Twelfth. Interlocutory orders for the delivery of the possession of real property or the sale thereof.

"Thirteenth. Interlocutory orders appointing or refusing to appoint receivers, and interlocutory orders granting or refusing to grant, or dissolving or overruling motions to dissolve, temporary injunctions.

"Fourteenth. Interlocutory orders upon writs of habeas corpus: Provided, That in any such case where an appeal is taken from an interlocutory order involving the custody of an infant, the court from which such appeal is taken shall make such order concerning the care and custody of such infant during the dependency of such appeal as shall be for the best interest of such infant.

"*All* appealable cases *other* [*cases*] than those herein mentioned *shall be taken to the Appellate Court.*" (Emphasis added.)

thirty days[2] within which a motion for new trial must be filed after the return of the verdict or decision is not extended by the intermediate filing of a motion to vacate judgment.[3]

Similarly the second of the consolidated appeals is not properly in this Court as it was taken from the judgment modifying the previous decree as to the amount of support money and also taken from a later order granting appellee attorney's fees to defend the appeal, and it was therefore not an interlocutory order within the meaning of the appeal statutes. It is well settled that a judgment modifying the previous final decree granting divorce and custody, which modification relates to a change in support money because of changed conditions, is a final judgment upon the facts existing at that subsequent time, and an order granting appellee attorney's fees to defend the appeal is also not interlocutory as it was made after the final judgment. See: *Haag* v. *Haag* (1959), 240 Ind. 291, 163 N. E. 2d 243; *Stone* v. *Stone* (1902), 158 Ind. 628, 64 N. E. 86; *Cirtin* v. *Cirtin* (1928), 199 Ind. 737, 164 N. E. 493. The second of the consolidated appeals is therefore not directly appealable to this Court under the statute, but jurisdiction is, instead, in the Appellate Court.

This cause is now transferred to the Appellate Court.

## ON PETITION FOR REHEARING

`PER CURIAM.`—Appellant has filed petition for rehearing asserting contrary to our previous opinion[1] that

---

2. Burns', §2-2403 (1946 Replacement), being Acts 1919, ch. 14, §1, p. 42.

3. See: *Murley, Conklin* v. *State* (1960), 240 Ind. 655, 659, 168 N. E. 2d 205, 207; *Brehm* v. *Hennings* (1919), 70 Ind. App. 625, 627, 123 N. E. 821.

1. *Kennedy* v. *Kennedy* (1961), 241 Ind. 633, 173 N. E. 2d 56.

the constitutional questions relating to the "statutes [sic]" he seeks to assert on appeal were previously raised by his petition to vacate and set aside judgment filed in the trial court.

Without determining whether such constitutional questions could properly be raised by such a pleading, an examination of the record reveals there is no mention whatever of any constitutional questions in appellant's petition to vacate and set aside judgment, and it necessarily follows that his petition for rehearing is entirely without foundation and should be overruled.

Petition for rehearing overruled.

Jackson, J., concurs in result.

NOTE.—Reported in 173 N. E. 2d 56, 174 N. E. 2d 410, rehearing denied.