BRENNAN v. STATE OF INDIANA.

[No. 30,026. Filed April 4, 1961. Rehearing Denied September 19, 1961.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Richard C. Johnson,* Deputy Attorney General, for appellee.

PER CURIAM.—This is an appeal from the Superior Court of Marion County, Room No. 3, wherein the Honrable Robert G. Robb, judge of that court, held the appellant, Norman E. Brennan, guilty of direct contempt of court for allegedly telling a witness in a divorce case to make a false statement to the effect that he, as an attorney, had been paid no fee by the witness. The evidence shows that the appellant, as an attorney, at the time walked up to the witness chair and outside the hearing of the court (or any bystander), directed the witness to answer in the negative. The question before this court is whether this constituted a direct or an indirect criminal contempt, assuming the incident to be true.

It is well settled that to constitute a direct criminal contempt, the alleged act must be committed

in the presence and knowledge of the court, as distinguished from the actions outside the presence of the court or outside the immediate knowledge of the court.

Burns' Ann. St. §§3-901 and 3-902 (1946 Repl.) defines direct contempt in substance as an act which disturbs or interrupts court proceedings during the time a court is in session, while Burns' Ann. St. §§3-903, 3-904 and 3-905 (1946 Repl.) define indirect contempt in general as acts outside the knowledge or presence of the court which affect its proceedings, such as the intimidation or influencing of witnesses or interfering with the process of the court. *Grimm* v. *State* (1959), 240 Ind. 125, 162 N. E. 2d 454; *LaGrange etc.* v. *State* (1958), 238 Ind. 689, 153 N. E. 2d 593; *Kerr* v. *State* (1923), 194 Ind. 147, 141 N. E. 308; *Coons* v. *State* (1922), 191 Ind. 580, 134 N. E. 194.

In the LaGrange case, the issue there was whether the newscasting by the appellant concerning a murder trial then pending (which statements caused a mistrial), was direct or indirect contempt. We held that it was indirect contempt, since the alleged acts occurred outside the presence of the court and created no disturbance in the court room at the time.

The United States Supreme Court case of *In Re Oliver* (1948), 333 U. S. 257, 68 S. Ct. 499, 92 L. Ed. 684 is decisive of this case. In that case the appellant, testifying before a one man judge-grand jury, was cited for contempt on the ground that he had given conflicting testimony, which the judge also believed to be untrue by reason of other testimony heard from another witness. The court (in 333 U.S. at pages 273-5) said:

"We further hold that failure to afford the petitioner a reasonable opportunity to defend him-

self against the charge of false and evasive swearing was a denial of due process of law.

. . . . .

" . . . There (referring to the case of *Cooke* v. *U.S.*, 267 U.S. 517, 69 L. Ed. 767, 45 S. Ct. 390) it was pointed out that for a Court to exercise the extraordinary but narrowly limited power to punish for contempt without adequate notice and opportunity to be heard, the Court disturbing misconduct must not only occur in the Court's immediate presence, but that the Judge must have personal knowledge of it acquired by his own observation of the contemptuous conduct. This Court said that knowledge acquired from the testimony of others, or even from the confessions of the accused, would not justify conviction without a trial in which there was an opportunity for defense."

In the case before us the appellant was called before the court, without any prior notice, four weeks after the alleged offense, at which time the judge admitted that he had subsequently acquired the knowledge of the alleged false testimony. At the time the appellant was called before the trial judge, the judge did not, as provided by statute in the case of direct contempt procedure (Burns' Ann. St. §3-907 [1946 Repl.]), "distinctly state the act, words, signs or gestures, or other conduct, of the defendant which is alleged to constitute such contempt;" and have the same reduced to writing at the time. The appellant was not (in conformity with the statute) given an opportunity to make a statement in explanation and response thereto in an orderly fashion. The record shows that after a witness was heard, what took place was more or less a colloquy between the judge and the appellant, which does not commend itself as "due process" in a matter as serious as this.

Under the type of procedure that took place here, a newspaper reporter could be held in *direct* criminal contempt of court if he wrote down and took notes while sitting in the court room, in the "presence of the judge", which notes or comments the judge later found to be false or untrue when they were later published and which are alleged to have affected the court proceedings.

We are concerned here only with the validity of proceedings for *direct* contempt. There is no showing in this case that immediate punishment was necessary to maintain order in the court and a respect for its authority. Such an element being totally absent, there is a failure of proof of direct contempt.

The appellee, State, has moved to dismiss or affirm this appeal on the ground that a motion for a new trial was not filed within thirty days from the time when the verdict or decision was rendered. In this case the statute (Burns' Ann. St. §3-907 [1946 Repl.]) specifically gives the appellant the right "to move the trial court to reconsider its opinion and judgment of the case, upon the facts before it (by filing affidavits, etc.) . . . and upon all such affidavits and the original statements of the court and himself touching such contempt, the defendant may move the court for a new trial . . ." Thus the statute specifically gives the right to file a motion for a new trial based upon matters set out in the motion to reconsider.[1] The appellant filed his motion to reconsider. Upon the overruling of the motion to reconsider the appellant, two days later,

---

1. This distinguishes the cases of *Kennedy* v. *Kennedy* (1961), 241 Ind. 633, 173 N. E. 2d 56 and *Murley, Conklin* v. *State* (1960), 240 Ind. 655, 168 N. E. 2d 205, 207.

filed his motion for a new trial, which we find was filed in time pursuant to the statute.

The judgment is reversed, with directions to find the appellant not guilty on the charge of direct contempt and judgment accordingly.

Jackson, J., concurs in result.

NOTE.—Reported in 173 N. E. 2d 312.