STATE OF INDIANA *v.* HI-JINKS, INC., ET AL.

[No. 29,898, to 29,910. Filed March 29, 1962.]

*Edwin K. Steers,* Attorney General, *J. Byron Hayes,* Prosecuting Attorney, of Fort Wayne, and *Robert J. Parrish,* Chief Deputy Prosecuting Attorney, of Fort Wayne, for appellant.

*Hugh Kennerk, Arthur W. Miller, Clifford Simon, Kennerk & Dumas,* all of Fort Wayne, *Daily & Daily,* and *John H. Daily,* of Indianapolis, for appellee.

JACKSON, J.—This is an appeal by the State of Indiana[1] from the decision of the Allen Circuit Court, Louis H. Dunten, Special Judge, sustaining motions to quash the indictments filed against the defendants (appellees here).

The appellees were charged by indictment with violations of Acts 1955, ch. 265, p. 713, being §§10-2329—10-2336, Burns' 1956 Replacement, as amended by Acts 1957, ch. 205, §1, p. 425, being §10-2330, Burns' 1961 Cum. Supp., known as the Indiana Anti-Gambling Law. Thirteen (13) criminal prosecutions in all were commenced under the indictments returned.

The appellees, individually and collectively, were charged with having committed on or about July 1, 1958, various violations of said Anti-Gambling Law, supra, relating to pinball machines, which charges are summarized as follows:

---

1. Acts 1955, ch. 315, §1, p. 968, being §9-2304, Burns' 1956 Replacement and Acts 1905, ch. 135, §1, p. 429, being §9-2305, Burns' 1956 Replacement.

(1) Charged appellees with owning gambling devices, *i.e.*, pinball machines, by operation of which a right to money, credits, deposits or other things of value may be created, in return for a consideration, as a result of the operation of an element of chance and which said pinball machines, when operated and played, recorded right of replay.

(2) Charged appellees with engaging in professional gambling by owning and maintaining pinball machines in places accessible to the public which said pinball machines awarded recorded right of replay.

(3) Charged appellees with conspiracy to engage in professional gambling by the installation and maintenance of pinball machines in places accessible to the public which devices awarded recorded right of replay.

To each indictment the appellees filed the same amended motions to quash, charging primarily, that the statute [Acts 1955, ch. 265, as amended by Acts 1957, ch. 205] under which the indictments were returned, was unconstitutional.

On December 22, 1959, the special judge sustained the amended motions to quash in each case, being of the opinion that the statute was unconstitutional, and that the objection could not be avoided by a new indictment or affidavit; therefore, judgment was rendered discharging the appellees.

All of the appeals herein from the sustaining of the amended motions to quash have been consolidated for purpose of briefing and decision, since the same question is presented in each case, to-wit: The constitutionality of the criminal statute upon which the indictments were based.

In each appeal the assignment of error is, "[t]he Court erred in sustaining appellees' amended motion to quash the indictment herein."

The sole question which has been briefed on these appeals, and, therefore, presented for consideration, is the legal effect of and interpretation of the phrase "in any place accessible to the public" as used in the definition section of the Act. [Acts 1957, ch. 205, §1, p. 425, being §10-2330, Burns' 1961 Cum. Supp.] Paragraph three of this section provides as follows:

> "'Professional gambling' means accepting or offering to accept, for profit, money, credits, deposits or other things of value risked in gambling, or any claims thereon or interest therein. Without limiting the generality of this definition, the following shall be included: poolselling and bookmaking; maintaining slot machines, one-ball machines or variants thereof, pinball machines which award anything other than an immediate and unrecorded right of replay, roulette wheels, dice tables, or money or merchandise pushcards, punchboards, jars or spindles, *in any place accessible to the public;* and conducting lotteries, gift enterprises, or policy or numbers games, or selling chances therein; and the following shall be presumed to be included: conducting any banking or percentage games played with cards, dice or counters, or accepting any fixed share of the stakes therein." [Emphasis supplied.]

It is the appellees' contention on appeal that the anti-gambling statute is unconstitutional and void because Acts 1957, ch. 205, §1, p. 425, being §10-2330, Burns' 1961 Cum. Supp., establishes an unreasonable arbitrary classification in that it permits the maintenance, among other things, of pinball machines which award anything other than an immediate and unrecorded right of replay, at any place *not accessible to the public,* and makes the maintenance of such

devices a crime in places accessible to the public. Such classification, according to appellees, is in violation of Art. 1, §23,[2] and Art. 4, §§22,[3] 23[4] of the Constitution of the State of Indiana, and §1 of the 14th Amendment to the Constitution of the United States.[5]

The questions raised herein regarding the constitutionality of the anti-gambling statute in question were before this court in the cases[6] of *Tinder, Pros. Atty., et al.* v. *Music Op. Inc.* (1957), 237 Ind. 33, 142 N. E. 2d 610, and *Peachey et al.* v. *Boswell, Mayor, et al.* (1960), 240 Ind. 604, 167 N. E. 2d 48. The latter case was decided after the action of the trial court herein sustained the motions to quash. In the still more recent case of *Murley et al.* v. *State* (1960), 240 Ind. 655, 168 N. E. 2d 205, this court

---

2. "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

3. The part of Art. 4, §22, of the Constitution of the State of Indiana cited by appellees reads as follows: "The General Assembly shall not pass local or special laws, in any of the following enumerated cases, that is to say: . . . [2] For the punishment of crimes and misdemeanors; . . ."

4. "In all the cases enumerated in the preceding Section [Section 22 above], and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

5. "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

6. The case of *Fairchild, Prosecuting Atty., etc.* v. *Schanke, et al.* (1953), 232 Ind. 480, 113 N. E. 2d 159, held that the 1953 Anti-Gambling Act was unconstitutional because of the arbitrary exclusion of a certain class from its application. The Act involved here was subsequently passed in 1955 and obviated the constitutional infirmity proscribed in the Fairchild case.

dismissed without discussion contentions that certain sections of the Indiana Anti-Gambling Law were unconstitutional. It was simply held by the Court that the questions raised had been decided adversely to the appellants in *Peachey et al.* v. *Boswell, Mayor, et al., supra,* wherein such statute was held to be constitutional.

Appellees contend that under the statute it is possible for persons to play pinball machines in places accessible to the public, and by so doing become professional gamblers,[7] but these same individuals could put the same machines in their homes or in shops or clubs, to which only those invited could come (not being generally accessible to the public), and their participation would not amount to professional gambling. Thus, all citizens are not afforded equal rights or privileges.

This Court specifically passed upon this contention in the *Boswell* case and decided it adversely to appellees herein. We found that the Act restrained *all persons* from seeking profit from professional gambling. Further, we stated:

" . . . that the Legislature intended to distinguish between 'professional gambling' as defined in the Act, and 'social pastimes' not for profit, and which do not affect the public. It seems to us that such classification is based on a substantial distinction with reference to the subject of gambling." *Peachey et al.* v. *Boswell, Mayor, et al.* (1960), 240 Ind. 604, 622, 167 N. E. 2d 48.

We noted that in order to make a profit on the operation of pinball machines they must be main-

7. Appellees refer to the definition section of the statute [§10-2330, Burns' 1961 Cum. Supp.] where "professional gambling" is defined. Paragraph 3 of this section has been heretofore quoted.

tained in a place which the public, or a certain segment thereof, sufficient to make the business profitable, has access for the purpose of playing the machines. We concluded:

" . . . The reason for the classification is inherent in the subject-matter and the Act treats alike all who come within its provisions, under the same conditions, and it embraces all who naturally belong to the class." *Peachey et al.* v. *Boswell, supra.*

After examining appellees' contention here on appeal, there has been no showing to cause us to overrule our decisions upholding the constitutionality of the statute in question.

Therefore, the judgment of the Allen Circuit Court must be reversed with directions to overrule the amended motions to quash.

Achor, C. J., Arterburn, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 181 N. E. 2d 526.