KENNEDY v. KENNEDY.

[No. 19,631. Filed October 8, 1962. Rehearing dismissed November 14, 1962.]

*Nathan R. Glover,* of Gary, for appellant.

*Harry Schell,* of Gary, for appellee.

RYAN, J.—This cause was transferred to this court by the Supreme Court of Indiana (see *Kennedy* v. *Kennedy* (1961), 241 Ind. 633, 173 N. E. 2d 56, rehearing denied 174 N. E. 2d 410), in which the Supreme Court had consolidated two appeals. The first appeal was from a judgment rendered on May 15, 1959 and in which the appellant filed a petition to vacate and set aside such judgment on May 28, 1959. Subsequently, on November 24, 1959, the trial court overruled appellant's motion to set aside the judgment, and then appellant filed his motion for a new trial on November 27, 1959. Thereafter the appellant filed his assignment of errors in the office of the clerk of this court on April 4, 1960.

Burns' Ind. Anno. Sts. §2-2403 (1946 Replacement) provides that a motion for a new trial must be filed within thirty (30) days after the return of the verdict or decision. Such time is not extended by the intermediate filing of a motion to vacate the judgment. *Kennedy* v. *Kennedy, supra.*

Further, it is apparent by the record that the transcript and assignment of errors was filed with the clerk of this court on April 4, 1960, and no petition for extension of time to file such transcript and assignment of errors was ever filed. Supreme Court Rule 2-2 requires the assignment of errors and transcript of the record to be filed in the office of the clerk of the Supreme Court within ninety (90) days from the date of the judgment or

the ruling on motion for a new trial. We thus have no jurisdiction to decide any question concerning the appeal from the judgment of May 15, 1959, granting a divorce to the appellee.

The second of the consolidated appeals apparently was attempted to be taken from a judgment modifying the previous decree of divorce as to the amount of support money and also from a later order granting appellee attorney's fees. Again the record indicates that the appellant at no time presented any question concerning error in the above orders to the trial court, but merely filed an appeal bond. While such orders are appealable, *Haag* v. *Haag* (1959), 240 Ind. 291, 163 N. E. 2d 243, any question concerning such orders must first be presented to the trial court by proper pleadings.

Therefore, the first purported appeal questioning the divorce decree of May 15, 1959, is dismissed; and as to the second purported appeal, the orders modifying the original decree of divorce which the appellant now attempts to question, are affirmed.

Cooper, P. J., and Ax and Myers, JJ., concur.

NOTE.—Reported in 185 N. E. 2d 304.