MCINTIRE *v.* STATE OF INDIANA, WILLIAM MILLER, JUDGE OF VANDERBURGH C. CT.

[No. 30,871. Filed February 10, 1967. Rehearing denied March 14, 1967.]

*Rice & Vanstone*, of Evansville, for appellant.

*John J. Dillon*, Attorney General, and *Douglas B. McFadden*, Deputy Attorney General, for appellee, State of Indiana.

*Malcolm G. Montgomery* and *John D. Clouse*, both of Evansville, for appellee, William H. Miller, Judge of Vanderburgh Circuit Court.

ARTERBURN, C. J.—This is an appeal from a conviction of contempt of court in which the appellant was sentenced to ninety days at the Indiana State Farm and find $50.00 and costs.

The appellant contends that the trial court erroneously charged and convicted the appellant of direct criminal contempt of court and that the facts do not sustain such a charge. The facts appear to be as follows:

One Robert Jay had been convicted of second degree burglary in the Vanderburgh Circuit Court. At the time of his sentencing, his attorney, Mr. John Clouse, told the defendant's (Jay's) wife "that it did not look good for her husband." She replied that it had better look good because she had paid $300.00. Upon further inquiry, she told Mr. Clouse that the appellant, Richard L. McIntire, had told her he could get her husband "a break" by talking to the judge, and asked her for money on June 12, 1965. The appellant, Richard L. McIntire, told her that it would take $300.00 for three individuals at $100.00 per man, and indicated the money was for the judge, the prosecutor and a third party. He first quoted a price of $600.00 at a rate of $200.00 per man, but then agreed on $300.00. Mrs. Jay lacked funds to support her family in view of the possible incarceration and imprisonment of her husband, and had applied to the Pigeon Township Trustee for re-

lief. Her request was being investigated by the appellant, McIntire, for the trustee's office.

Mrs. Jay stated that thereafter she collected $25.00 from her brother-in-law, $125.00 from a friend, $25.00 from her father-in-law and $25.00 from another brother-in-law, and that she gave this to McIntire, the appellant, and he said he would lend her the other $25.00. Attorney Clouse immediately called the prosecuting attorney and they reported this story to the judge in his chambers. A few days later, on June 28, 1965, the court held a hearing at which Mrs. Jay testified, as related above.

At the time of the taking of this testimony, the appellant McIntire was present and denied the charges. The court stated:

"The Court charges Richard L. McIntire with Direct Contempt of Court for casting reflection on the integrity of the Court and putting the Court in disrepute. McIntire is ordered committed to Vanderburgh County Jail by the Sheriff."

It is further contended by the appellant that this contempt proceeding was not brought in the name of the State of Indiana, as criminal contempt actions should be brought, and that the prosecuting attorney declined to initiate any proceedings on behalf of the State. The record shows that the prosecuting attorney, O. H. Roberts, and the court had the following colloquy:

"Mr. Roberts: Your honor, please, as I understand it from the conversations that I have had with you, you have asked me as an officer of the Court to question the witnesses in this proceedings this morning.
"Court: That is correct.
"Mr. Roberts: I want it understood because there is nothing filed by my office in this action.
"Court: That is right."

In this connection we give no emphasis to this technical contention for the reason that in direct contempt proceedings the

court has inherent power to take such action as is necessary to maintain the decorum and order in the court, as well as to enforce its necessary orders. The court should not be left helpless by reason of the refusal of the prosecuting attorney to support a court in its inherent functions connected with direct contempt.

Passing, therefore, to the central question here, namely, do the facts here support a case of direct contempt, we first look to the statute. Acts 1879 (Spec. Sess.), ch. 35, § 1, p. 112, being Burns' Ind. Stat. Anno. § 3-901 (1946 Repl.) defines direct contempt as follows:

> *"Direct—Disturbing business of court.* Every person who shall by the commission of any felony, misdemeanor or other unlawful act, or who, by talking, moving about, or by signs or gestures, or in any other manner, in any court of record, while the same is open for the transaction of business, and engaged therein, creates any noise or confusion therein, whereby the business and proceedings of said court shall be disturbed, shall be deemed to be guilty of a direct contempt of said court."

Although the court, in its inherent power under direct contempt, is not necessarily limited to the wording of the statute, we have held in opinions that direct contempt deals primarily with the maintenance of order and respect in the courtroom, and to such areas adjacent thereto as are necessary for control for such purposes. We have even held that although some act may take place in the courtroom, if it is done privately and without the knowledge of the court and in no way interferes at the time with the maintenance of order, such act would not necessarily be an act of direct contempt. *Brennan* v. *State* (1961), 242 Ind. 79, 173 N. E. 2d 312; *In Re Oliver* (1948), 333 U. S. 257, 68 S. Ct. 499, 92 L. Ed. 682.

In line with the above cases, we must hold that the facts here fail to show the appellant is guilty of direct contempt of court. Neither can the charge here be sustained as an indirect

criminal contempt, since there is a failure to meet the procedural requirements under such a charge. A change of judge was asked and denied and in other respects the necessary procedural requirements are lacking. Burns' Ind. Stat. Anno. §§ 3-908, 3-909, 3-911.

The acts here charged, without question, are reprehensible and reflect upon the judge and judicial proceedings, and we can well understand the presiding judge's indignation arising from such an incident. However, there are other ways and means of prosecuting such charges under which a person so charged is not compelled to be tried by one so vitally and directly interested in the proceedings, as the judge in the case of direct contempt. Due process and justice require a distinction.

The judgment of the trial court is reversed.

NOTE.—Reported in 223 N. E. 2d 347.