ZERAL GARLIN *v.* STATE OF INDIANA.[1]

[No. 1-974A134. Filed April 10, 1975.]

---

1. Although the caption in the trial court read "In the Matter of the Contempt of Zeral Garlin", the proceeding is without question one of criminal contempt. We therefore have corrected the caption to so indicate.

*White & White,* of Covington, *Ronald E. Elberger,* Indiana Civil Liberties Union, of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Harry John Watson, III,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendant-appellant Garlin appeals from convictions on two counts of contempt of court challenging, *inter alia,* whether the procedure followed by the trial court violated basic procedural due process requirements. We reverse.

The record reveals that Garlin was convicted on two contempt charges which arose from his conduct while serving as a member of a petit jury in the Fountain Circuit Court. Despite the fact that at least one of the charges constituted indirect criminal contempt, the trial court proceeded to charge, try, convict, and fine Garlin without (1) requiring the filing of a verified information, (2) serving upon Garlin a rule to show cause, and (3) granting a change of judge, all of which are required by IC 1971, 34-4-7-8 (Burns Code Ed.) and IC 1971, 34-4-8-1 (Burns Code Ed.) in indirect criminal contempt proceedings. Nevertheless, the State urges that despite the failure to comply with statutory guidelines, Garlin's constitutional due process rights were not violated.

The question of what "due process of law" encompasses in criminal contempt proceedings was discussed by the United States Supreme Court in *In re Oliver* (1948), 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682. Therein, the court relied upon *Cooke* v. *United States* (1925), 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767, and stated:

"Except for a narrowly limited category of contempts, due process of law as explained in the Cooke case requires that one charged with contempt of court be advised of the

charges against him, have a reasonable opportunity to meet them by way of defense or explanation, have the right to be represented by counsel, and have a chance to testify and call other witnesses in his behalf, either by way of defense or explanation. The narrow exception to these due process requirements includes only charges of misconduct, in open court, in the presence of the judge, which disturbs the court's business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent 'demoralization of the court's authority * * * before the public.'[2] If some essential elements of the offense are not personally observed by the judge, so that he must depend upon statements made by others for his knowledge about these essential elements, due process requires, according to the Cooke case, that the accused be accorded notice and a fair hearing as above set out."

In the case of *Mayberry* v. *Pennsylvania* (1971), 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532, the due process requirements set out in *Cooke* and *Oliver* were held to include the requirement that a judge other than the one reviled by the contemnor conduct the accused's trial:

"Our conclusion is that by reason of the Due Process Clause of the Fourteenth Amendment a defendant in criminal contempt proceedings should be given a public trial before a judge other than the one reviled by the contemnor. See In re Oliver, 333 US 257, 92 L.Ed. 682, 68 S.Ct. 499."

We therefore are compelled to the conclusion that in the case at bar, Garlin was denied due process of law by the action of the trial judge which denied him a change of judge. The judgment herein must be and is hereby reversed with instructions to grant Garlin a new trial before a special judge to be selected in accordance with IC 1971, 34-4-8-1 (Burns Code Ed.).

Judgment reversed.

Robertson, C.J. and Lowdermilk, J., concur.

---

2. In Indiana the "narrow exceptions" are denominated 'direct contempt' and are statutorily governed by IC 1971, 34-4-7-7 (Burns Code Ed.).