**David Lee SHOWALTER, Appellant
(Respondent Below),**

v.

**Linda Sue SHOWALTER, Appellee
(Petitioner Below).**

**No. 57A04–8805–CV–148.**

Court of Appeals of Indiana,
Third District.

Dec. 19, 1988.

Rehearing Denied Jan. 23, 1989.

David L. King, King & King, Kendall-ville, for appellant.

James R. Heuer, Whiteleather & Whiteleather, Columbia City, for appellee.

HOFFMAN, Judge.

Appellant David Lee Showalter appeals from the denial of his petition to modify child support payments.

The facts relevant to this appeal disclose that in March 1987 David Lee requested a

modification of child support based upon a reduction in his income. On April 28, 1987 the trial court heard evidence and denied the request due to David Lee's failure to demonstrate a substantial and continuing change of circumstances. David Lee did not file a motion to correct errors.

Less than two weeks elapsed when on May 7, 1987 David Lee again filed a petition to modify support. David Lee again claimed that a reduction in his income warranted a modification in support. David Lee submitted substantially the same evidence as was presented in April.

Appellee Linda Sue Showalter filed a motion to dismiss the petition on June 4, 1987. A hearing was held on July 15, 1987. The motion to dismiss was granted on December 4, 1987.

On January 19, 1988 David Lee requested a new hearing based upon newly discovered evidence. David Lee claimed that events after the April 28, 1987 hearing were newly discovered evidence. Also on January 19, 1988 David Lee filed a motion to correct errors stating that the trial court's decision was contrary to law and that a conflict of interest existed at the time of the April 1987 hearing. The motion for a new hearing based upon newly discovered evidence was denied by the court. The court found that the evidence was based upon events which occurred after the April and July 1987 hearings. Thus, it determined that the evidence had no affect on the petitions filed by David Lee in March and May. Because David Lee did not appeal the April 18, 1987 ruling on support, the trial court required a showing of changed circumstances from that date. The court found that viewing the totality of the circumstances, David Lee had not demonstrated a substantial and continuing change so as to render the terms of the April 1987 order unreasonable. David Lee appeals.

David Lee presents several issues for review which can be consolidated and restated as:

(1) whether the trial court erred in including corporate "retained earnings" as an aspect of David Lee's income;

(2) whether the trial court erred in not setting aside the April 1987 support order and granting a new trial on the issue of support because conflict of interest existed; and

(3) whether the trial court erred in not finding that David Lee's reduction in income required a modification in the previous support order, as a matter of law.

█ David Lee's first two issues were determined through the April 1987 order and should have been raised through a motion to correct errors and an appeal after the April 1987 order. The issues are not now reviewable. *Cf. Kennedy v. Kennedy* (1962), 134 Ind.App. 56, 57–58, 185 N.E.2d 304, 305.

█ David Lee's final issue questions the trial court's decision to dismiss the petition even though he alleged a reduction of income. The trial court noted that David Lee's May 7, 1987 petition did not allege any substantial change other than income. The reduction in income was based upon the same figures introduced at the April 1987 hearing which yielded the April 1987 order.

IND.CODE § 31–1–11.5–17 (1985 Supp.) states that a "modification shall be made only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." To determine whether such a change exists, the court must look to the totality of circumstances including the statutory factors listed in IND.CODE § 31–1–11.5–12. *Halum v. Halum* (1986), Ind.App., 492 N.E.2d 30, 33.

Here, the court noted that income was not the sole basis considered and that after an evaluation of all factors, a modification of support was not warranted. David Lee's income was established by the April 1987 order. Local income based guidelines for figuring support, which are not binding upon the court, would have varied the existing order by $7.00 per week.

The court determined that David Lee had not presented evidence of a substantial, continuing change. Moreover, David Lee

did not allege factors or changes different than those of his petition determined just nine days prior to the filing of his May 1987 petition.

Modification of support payments lies within the discretion of the trial court. *Halum, supra,* 492 N.E.2d at 32. This Court may not reverse the trial court's order absent an abuse of that discretion. *Halum, supra.* The trial court's determination in the present case did not abuse its discretion.

There being no finding of error, the trial court's judgment dismissing the petition is affirmed.

AFFIRMED.

SHIELDS, P.J., concurs.

GARRARD, P.J., concurs in result.