UNITED STATES of America ex rel.
Thomas E. KEMP, Petitioner-
Appellee,

v.

Frank J. PATE, Warden, Illinois State
Penitentiary, Respondent-Appellant.

No. 15200.

United States Court of Appeals
Seventh Circuit.

April 7, 1966.

William G. Clark, Atty. Gen., John J. O'Toole, Asst. State's Atty., Chicago, Ill., for respondent-appellant. Richard A. Michael, A. Zola Groves, Asst. Attys. Gen., of counsel.

E. T. Cunningham, Chicago, Ill., Thomas E. Kemp, for appellee.

Before KNOCH, KILEY and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Petitioner, Thomas E. Kemp, was convicted of robbery in the Criminal Court of Cook County, Illinois and sentenced to prison for not less than nineteen nor more than twenty years. The petitioner's conviction was affirmed by the Illinois Supreme Court. People v. Kemp, 29 Ill.2d 321, 194 N.E.2d 217 (1963). The admissibility of his allegedly involuntary written confession was an important issue both at the trial and on appeal.

The petitioner made no collateral attack upon his sentence in the state courts, although Illinois provides two such avenues for postconviction relief. Instead, he filed a petition for a writ of habeas corpus in the district court under section 2241 of the Judicial Code, 28 U.S.C. § 2241. The district court as-

sumed jurisdiction, concluding that the issue raised in the petition, the voluntariness of the petitioner's confession, had been considered by the state court and decided adversely to the petitioner. The court conducted an evidentiary hearing, determined that the petitioner's confession was not the product of a free choice, and held that its admission in evidence against him over his objection was a denial of due process. The court issued the writ and ordered the petitioner discharged from custody. United States ex rel. Kemp v. Pate, 240 F.Supp. 696 (N.D.Ill.1965). The State, by its attorney general, appeals.

The State contends that the district court erroneously assumed jurisdiction of the habeas corpus petition because the petitioner failed to exhaust his remedies in the state courts as required by 28 U.S.C. § 2254. The State acknowledges that the question of the voluntariness of the petitioner's confession was finally determined by the Illinois Supreme Court. It argues, however, that the legal "theory" proposed by the petitioner in the district court to support his argument of involuntariness differed substantially from that presented in the state court. The contention is made that the petitioner emphasized physical coercion in his argument in the state court but that he changed his emphasis to psychological coercion and the "totality of circumstances" in the district court. The State says that the district court, in response to this shift in theory, based its decision upon the recent developments in procedural law enunciated in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), and Haynes v. State of Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513 (1963), and that neither of these cases was cited or relied upon by the Illinois Supreme Court in affirming the petitioner's conviction. The State urges that the Illinois courts should have been given an opportunity to correct any possible

constitutional violations in light of these decisions.

Escobedo v. State of Illinois, supra, was decided seven months after the Illinois Supreme Court affirmed the petitioner's conviction. If the district court relied solely upon Escobedo in granting the writ, the State's argument might well be meritorious.[1] Several courts have held that a state prisoner who relies upon a decision of the United States Supreme Court which is subsequent to the state decision in his own case must first pursue any available state remedies before applying for federal habeas corpus relief. E. g., Blair v. People of State of California, 340 F.2d 741, 744 (9th Cir. 1965); Torrance v. Salzinger, 297 F.2d 902, 906 (3d Cir.), cert. denied, 369 U.S. 887, 82 S.Ct. 1161, 8 L.Ed.2d 288 (1962); United States ex rel. Gregory v. People of State of New York, 195 F.Supp. 527, 528 (N.D.N.Y.1961). Such decisions are prompted by considerations of comity and fairness which dictate that the state courts should have the opportunity of deciding whether subsequently announced constitutional principles have application to facts previously presented to them.

The district court, however, did not rely solely upon Escobedo in granting the writ. The judge's decision indicates that he placed separate and independent reliance upon the "totality of circumstances" test fostered by Haynes v. State of Washington, supra. He expressly found that the application of that test was of itself "fully sufficient to require issuance of the writ." Haynes was decided approximately six months prior to the decision of the Illinois Supreme Court affirming the petitioner's conviction. In these circumstances, the considerations of comity referred to in the cases just cited are of more restricted application. We do not think that section 2254 requires a state prisoner to petition the state courts for a reconsidera-

1. Reliance upon Escobedo would also raise a problem relating to the retrospective application of that decision. United States ex rel. Walden v. Pate, 350 F.2d 240 (7th Cir. 1965).

tion of a constitutional question (already decided adversely to him) prior to resorting to the federal courts simply because the theory of a reported United States Supreme Court decision was not expressly recognized by, or even called to the attention of, the state court at the time of its earlier decision. To so hold would unduly penalize the prisoner's interest in the ultimate disposition of his claim in a reasonably predictable fashion in deference to an oversensitive view of the desired relationship between federal and state courts. The doctrine of exhaustion of state remedies demands only that the state courts first be presented with 'an opportunity to apply controlling legal principles to the facts bearing upon the constitutional claim of a defendant in a state criminal action before any application is made to the federal courts. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469 (1953); United States ex rel. Crump v. Sain, 264 F.2d 424 (7th Cir. 1959). The opportunity need not be measured by the state court's nonrecognition of available precedent.

The involuntary confession question presented to the district court by the petitioner was submitted in a substantially similar fashion to the Illinois Supreme Court. The evidence in the record before the state court was essentially the same. The ultimate question for disposition—the voluntariness of the petitioner's confession—was precisely the same. The state court, it is true, emphasized the petitioner's failure to prove that his confession resulted from physical coercion by the police, while the district court emphasized psychological factors in its "totality of circumstances" approach. But the state court did consider and reject the facts in the record relating to psychological coercion in its disposition of the merits. The petitioner had therefore exhausted his state remedies for purposes of section 2254 and the district court properly assumed jurisdiction of his habeas corpus petition.

Turning to the merits, it serves no purpose to narrate the evidence submitted to the district court, which is examined in detail in the published opinion of the district judge. We are in general agreement with the reasoning adopted therein leading to the determination that the confession was not the product of the voluntary exercise of the petitioner's free will and therefore inadmissible at his trial.

The circumstances surrounding the preindictment detention and interrogation of the petitioner when considered together may well have had an interreactionary effect upon the petitioner as a suspect which suborned a confession against his will. The petitioner was held incommunicado for approximately twenty-eight hours and was questioned intermittently during that period. He made several requests to contact his sister; the requests were ignored until after he had signed the confession. The petitioner was told that he could be charged as a habitual criminal and that such a charge might result in life imprisonment. The petitioner was not advised of his right to counsel, of his right to remain silent, or that anything he said might subsequently be used against him. The facts are quite similar to those in Haynes v. State of Washington, supra, where the Supreme Court said:

> The uncontroverted portions of the record thus disclose that the petitioner's written confession was obtained in an atmosphere of substantial coercion and inducement created by statements and actions of state authorities. * * * Haynes' undisputed testimony as to the making and signing of the challenged confession used against him at trial permits no doubt that it was obtained under a totality of circumstances evidencing an involuntary written admission of guilt. 373 U.S. at 513–514, 83 S.Ct. at 1343.

The judgment is affirmed.