## MACON v. STATE OF INDIANA.

[No. 31,018. Filed November 29, 1966. Rehearing denied January 11, 1967.]

*Rhys D. Rhodes,* of Paoli, for petitioner.

*John J. Dillon,* Attorney General, and *John F. Davis,* Deputy Attorney General, for respondent.

PER CURIAM.—Appellant has filed a petition for a transcript to be prepared at county expense and a petition for a writ of certiorari, along with a petition of his co-counsel for the appointment of additional counsel. This petitioner has been in the trial court, in the Supreme Court and in the United States Supreme Court a number of times in this same matter.

Petitioner states that the basis for his petition for a writ of certiorari is the Orange Circuit Court's overruling of his belated motion for a new trial. Out of petitioner's statement of the case and the record it is clear:

1. That petitioner did not make a timely filing of his motion for a new trial pursuant to Burns' Indiana Stat. Anno. § 9-1903, and

2. That he has claimed a right to file a belated motion for a new trial on grounds that are not sufficient. He claimed

that he was entitled to a transcript for the examination of counsel in order to perfect the motion for a new trial and that he needed extra time for that purpose.

This Court has told him three times that this may not be done.

See: *State ex rel. Macon* v. *Orange Circuit Court* (1962), 243 Ind. 429, 185 N. E. 2d 619, cert. den. United States Supreme Court, December 16, 1963, 375 U. S. 258, 84 S.Ct. 362, 11 L. Ed. 2d 311; *State ex rel. Macon* v. *Orange Circuit Court* (1964), 245 Ind. 269, 195 N. E. 2d 352, reh. den. 245 Ind. 269, 198 N. E. 2d 229, cert. den. United States Supreme Court, April 26, 1965, 380 U. S. 981, 85 S. Ct. 1345, 14 L. Ed. 2d 274.

We stated in the above cases that the state court of Indiana is far more liberal under its rules than those prescribed by the United States Supreme Court for Federal trial courts. In Indiana, a defendant has thirty days after conviction within which his counsel may determine whether there is any merit for the filing of a motion for a new trial and for an appeal. Under the rules approved by the United States Supreme Court in a Federal criminal case, a defendant has only five days to make such a decision and for his counsel to prepare such a motion or ask for an extension of time. It would be impossible in a Federal court case to secure a transcript within such a short period of time. It follows that both in the state courts and the Federal courts, counsel must rely upon notes made during trial.

The appellant had counsel in the trial court. If such counsel found that there is meritorious grounds for a new trial, we have the right to assume that under his duties as such counsel, he would have filed such a motion. At the same time, trial counsel would be remiss in his professional duties if he knowingly filed such a motion based upon frivolous and non-meritorious grounds for the consideration of the court. *State ex rel. Macon* v. *Orange Circuit Court* (1964), 245 Ind. 269, 198 N. E. 2d 229, cert. den. by United States

Supreme Court April 26, 1965, 380 U. S. 981, 85 S. Ct. 1345, 14 L. Ed. 2d 274.

We did, however, in the above case finally order the trial court to appoint counsel for the purposes of a belated motion for a new trial and stated:

"Even though no showing is made in this case of any merit, and even though the Public Defender had found no merit exists, and even though we thus far have been shown that no merit exists, and even though the petitioner or his trial counsel herein have not pointed out that any specific meritorious error for consideration here, we have, nevertheless, directed the trial court to appoint counsel, at taxpayers' expense, to prepare an application for a belated motion for new trial, if such counsel can find any grounds for filing such an application in good faith."

The present petition before us sets forth no specific grounds or alleged errors which would support the petition for a writ of certiorari to review the overruling of his belated motion for a new trial. As we have previously stated, it is the duty of counsel to keep trial notes and from such notes to prepare the proper motion for a new trial or petition for a writ of certiorari within the time prescribed. We are asking no greater duty on the part of counsel, nor more speed than is required in Federal court cases.

The fact remains that there are cases in which there are no grounds for appeal, and it is impossible for an appellant to find any meritorious grounds, either himself or through his appointed counsel. We have previously said there is no presumption of error on the part of the trial court as the basis for an appeal, and where no meritorious grounds are shown for an appeal. Neither the statute nor the Constitution requires this Court to consider frivolous and nonmeritorious grounds for an appeal. We feel the appellant here has had his day in court—in fact, more than one day—and the petitions of the appellant are denied.

Jackson, J., concurs in result.

NOTE.—Reported in 227 N. E. 2d 448.