ALLMAN v. STATE OF INDIANA.

[No. 30,570. Filed April 20, 1967. Rehearing denied September 11, 1967.]

*Thomas R. Haley,* of Seymour, for appellant.

*John J. Dillon,* Attorney General, and *James Manahan,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged by indictment with the crime of murder in the first degree. Such indictment, in pertinent part, reads as follows, to-wit:

"The Grand Jurors of Jackson County in the State of Indiana, good and lawful men, duly and legally impaneled, charged and sworn to inquire into felonies, and certain misdemeanors on and for the body of said County of Jackson in the name and by authority of the State of Indiana, on their oaths present that the aforesaid Royal W. 'Bud' Allman late of said County on the 29th day of June A.D. 1962 at said County and State aforesaid, did then and there unlawfully and feloniously, purposely and with premeditated malice, kill and murder one Sandra McFarlin, by then and there unlawfully and feloniously, purposely and

with premeditated malice, shooting at, against and into the person of said Sandra McFarlin with a certain deadly weapon called a shotgun, then and there loaded with gunpowder and pellets, then and there and thereby inflicting a mortal wound upon the said Sandra McFarlin, of which mortal wound the said Sandra McFarlin then and there died. And so the Grand Jurors aforesaid, upon their oath aforesaid, do say and charge that the said Royal W. 'Bud' Allman, in manner and form aforesaid, unlawfully and feloniously, purposely and with premeditated malice did kill and murder the said Sandra McFarlin, the same being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The above indictment was returned in open court on the 6th day of July, 1962. The indictment was filed in the office of the clerk, a bench warrant issued for the arrest of the defendant, returnable instanter, and presumably the defendant was arrested on the same day and pursuant thereto, as on the 9th day of July, 1962, the defendant appeared before the court in person. The nature of the charges, the penalties that could be imposed on the charge and the fact that the offense was not bondable was explained to the defendant; thereupon appellant requested a period of one week in order to see if he could obtain an attorney. Said request was granted and the arraignment was set for July 16, 1962.

On the 16th day of July, 1962, the defendant appeared in person and suggested to the court that the members of his family were endeavoring to obtain counsel for him. Thereupon on the suggestion of the court, and with the consent of the defendant, arraignment was deferred until July 23, 1962.

On the 23rd day of July, 1962, the defendant appeared in person and requested that an attorney be appointed for him and filed his affidavit showing that he was unable to pay for counsel, that he had no income and no property of any kind and therefore was entitled to counsel at State expense. The court thereupon found that the appellant was a pauper de-

fendant within the meaning of the statute and thereupon appointed one Taylor T. Hoffar an attorney of record in the county to appear for and on behalf of the defendant and the arraignment was set for July 30, 1962. The defendant, in person and by counsel, appeared before the court, and upon being arraigned on the charge contained in the indictment said that he was not guilty of the charge. Thereupon said cause was set for trial on December 10, 1962.

Thereafter, on December 10, 1962, appellant entered upon the trial of said cause before a jury. At the conclusion of the State's evidence the appellant filed a motion and request for a directed verdict finding the defendant not guilty, which motion was by the court overruled. At the conclusion of the trial the jury found the appellant guilty of murder in the second degree. Thereafter, the court entered judgment on the verdict and the appellant was sentenced to life imprisonment in the Indiana State Prison. Thereafter, on the 19th day of January, 1963, the appellant filed his pro se motion for appointment of counsel to represent him in preparing and filing a motion for a new trial, his motion for extension of time in which he might lawfully file a motion for new trial, and his motion for a new trial. The motions for appointment of counsel, for extension of time to file a motion for a new trial, and the motion for new trial were all overruled by the court.

Thereafter, on the 26th day of April, 1963, appellant filed pro se his notice of appeal to the clerk of the Jackson Circuit Court and his petition for transcript of record and appointment of counsel. The appellant's petition for a transcript of record and appointment of counsel was overruled by the court on the 8th day of May, 1963. To this ruling the appellant pro se filed his motion to rehear the petition for transcript of record and appointment of counsel on the 15th day of June, 1963. Thereafter, upon reconsideration, the court sustained appellant's petition and ordered that a transcript of the record be furnished to him at public expense.

On September 3, 1963, the court appointed Edward S. Lustig, a member of the bar of Jackson County, to represent the appellant in his appeal to the Supreme Court of Indiana.

Thereafter, on the 28th day of January, 1964, the Supreme Court of Indiana granted a request of Edward S. Lustig to withdraw his appearance as attorney for appellant, and appellant on the 12th day of February, 1964, filed in the Jackson Circuit Court his pro se motion for appointment of counsel to prosecute his appeal. On February 22, 1964, the court appointed Thomas R. Haley, a member of the bar in Jackson County, as appellant's attorney to prosecute this appeal to the Supreme Court of Indiana.

Appellant's Motion for New Trial, omitting formal parts thereof and signature thereto, reads as follows:

"Comes now the defendant, Royal Allman, and respectfully moves the Court for a new trial of the issues in the above cause, for each and all of the following reasons:

"1. That the verdict of the jury is contrary to law.

"2. That the verdict of the jury is not sustained by sufficient evidence."

Appellant's Assignment of Error, omitting formal parts thereof and signature thereto, reads as follows:

"1. That the Court erred in over-ruling the Appellant's motion for a new trial.

"2. That the Court erred in over-ruling the Appellant's motion for the appointment of counsel to prepare and file a motion for a new trial in Appellant's behalf.

"3. That the Court erred in over-ruling the Appellant's motion for extension of time in which a motion for a new trial might be filed.

"4. The appellant was not afforded counsel at all stages of the proceeding against him and was accordingly denied his right to counsel granted by the Constitution of the United States and the Constitution of the State of Indiana."

We deem it unnecessary in this case to set out any of the evidence adduced at the trial for the reason that there were

no contradictions or disputes in any of the evidence, and there is abundant proof to support every element of the crime of second degree murder.

This is an unusual case in that the appellant had three lawyers (1) trial counsel who failed to file a motion for new trial, (2) counsel appointed to represent appellant on appeal who was permitted to withdraw from the case after he filed an affidavit that he could find no error on which to predicate an appeal and (3) counsel later appointed by the court who actually perfected the appeal.

The only issue to be determined here is: was the defendant prejudiced because he had to file a motion for a new trial pro se, his trial counsel not having filed any motion for new trial and the court not appointing counsel for appeal until too late for a timely appeal?

We must conclude that the appellant was not prejudiced because his present counsel, on appeal, had the opportunity, after he obtained the transcript, to examine the same and file a belated motion for a new trial, setting up any errors that might have been omitted in the original motion for a new trial filed pro se. Therefore, appellant had the opportunity, through counsel appointed by the court, to raise any error he desired at this time and the same could have been included in this appeal.

The Attorney General has presented in his brief every objection made during the trial, and had asked appellant's counsel on appeal to point out any alleged error. In fact, the State searched the record and presented thoroughly all questions that were raised by appellant in his brief and many that were not raised by the appellant. The Attorney General stated in his brief that the reason for so doing was occasioned by our ruling in *Sparks* v. *State* (1964), 245 Ind. 245, 250, 196 N. E. 2d 748. That by reason of such ruling he had paid particular attention to specifications two and three of appellant's Assignment of Errors, and had searched the record in

this case in order to avoid the errors pointed out in the *Sparks* case, *supra*.

We have given this case careful consideration and we find that the record amply sustains and supports the verdict 'of the jury and we find no meritorious grounds on which this judgment should or could be reversed. See: *Macon* v. *State* (1966), 248 Ind. 81, 221 N. E. 2d 428.

The judgment is affirmed.

Arterburn, C. J., Hunter, Myers and Mote, JJ., concur.

NOTE.—Reported in 225 N. E. 2d 168.