previously notified of Petitioner's suspension.

All Justices concur.

### In the Matter of Bruce G. JONES.

### No. 982S361.

Supreme Court of Indiana.

April 6, 1988.

### ORDER OF REINSTATEMENT

SHEPARD, Chief Justice.

Comes now the Indiana Supreme Court Disciplinary Commission, and files its Recommendation upon the Petition for Reinstatement of Bruce G. Jones, and recommends that he be reinstated to the practice of law, conditioned upon his payment of all outstanding costs.

And this Court, being duly advised, now finds that the Commission's recommendation should be approved and the Petitioner should be reinstated.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Petitioner, Bruce G. Jones, is hereby reinstated as an attorney of the Bar of this Court, conditioned upon his payment of all outstanding costs.

The Clerk of this Court is directed to forward a copy of this Order to the Indiana Supreme Court Disciplinary Commission, to the Petitioner, to the State Board of Law Examiners, and to all parties who were previously notified of Petitioner's suspension.

All Justices concur.

### In the Matter of David W. WILHELMUS.

### No. 49S00–8709–DI–836.

Supreme Court of Indiana.

April 6, 1988.

### ORDER OF SUSPENSION PENDING FINAL DETERMINATION

Comes now the Hearing Officer in this matter and; pursuant to a Joint Agreement on Suspension filed by the parties, recommends that the Respondent, David W. Wilhelmus, be suspended from the practice of law until final determination of this cause.

And this Court, being duly advised, finds that said recommendation should be accepted and approved and the Respondent should be so suspended.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the Respondent, David W. Wilhelmus, is hereby suspended from the practice of law in this State pending a final determination by this Court in this case.

The Clerk of this Court is directed to forward notice of this Order in accordance with the provisions of Admission and Discipline Rule 23, Section 3(d).

All Justices concur.

### Jesse GRIFFIN, Appellant,

v.

### STATE of Indiana, Appellee.

### No. 34S00–8602–CR–201.

Supreme Court of Indiana.

April 8, 1988.

Rehearing Denied June 30, 1988.

Merrill W. Otterman, Howard Co. Deputy Public Defender, Kokomo, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of guilty of Dealing in a Sawed-off Shotgun, a Class D felony; Dealing in Cocaine, a Class A felony; Possession of Cocaine, a Class C felony; Possession of Controlled Substance, Pentazocine, a Class D felony; Maintaining a Common Nuisance, a Class D felony; and Possession of Pentazocine, a Class C felony. Appellant received sentences totalling sixty-five (65) years.

The facts are: Mark Harper, a confidential informant for the Kokomo Police Department, resided with appellant in his apartment in Kokomo. On July 9, 1984, Kokomo Police raided appellant's apartment based upon information furnished by Harper. All persons in the apartment were arrested, including Harper who was arrested because the police department did not want to disclose the fact that he was a confidential informant. The original arrest was made under authority of a warrant issued by a Hamilton County, Ohio Court. Immediately following the arrest, a search warrant was obtained for appellant's apartment. The subsequent search disclosed a sawed-off shotgun, various drugs, and drug paraphernalia.

Appellant claims the trial court erred in prohibiting complete cross-examination of the informant Mark Harper. Appellant's specific complaint is that he was not allowed to thoroughly question Harper concerning his arrest during the July 9 search of appellant's apartment. Appellant attempted to explore the reasons why Harper was not charged as a principal in the commission of the same crimes with which appellant was charged. A search of the record reveals that appellant was in fact allowed to question Harper at length concerning his own criminal record and the fact that he was a paid police informant in the instant case.

It is obvious, from this record, why Harper was not charged as a principal in the July 9 arrest of appellant. It would indeed be highly improper for a police department to infiltrate a criminal operation, receive information from an informant as to that operation, effect arrests based upon the informant's information, and then charge the informant with the crimes he was disclosing to the police. If such were to be the conduct of a police department, it would be extremely difficult to obtain the cooperation of a confidential informant.

The scope of cross-examination is within the sound discretion of the trial court. *Williams v. State* (1986), Ind., 492 N.E.2d 28. The trial court was well within its discretion in refusing to allow appellant to belabor the point of why Harper was not

charged as a principal acting with appellant as a result of the July 9 arrest. In fact, we observe it would have been an abuse of discretion had the judge allowed such cross-examination.

■ Appellant claims the trial court erred in permitting the jury, over his objection, to take exhibits, including the Court's Exhibit No. 2 which was a deposition of Mark Harper, into the jury room. At the time of making his objection to the exhibits going to the jury, appellant made no mention of the Court's Exhibit No. 2. We would further observe that when the exhibits were referred to and shown to the jury reference was made to the exhibits of the parties but no reference was made to the Court's Exhibit No. 2 which was the deposition of Harper. An examination of the motion to correct error again shows no reference to Court's Exhibit 2. There is no evidence in this record that Court's Exhibit No. 2 was included in the exhibits that were sent to the jury.

Appellant cites *Thomas v. State* (1972), 259 Ind. 537, 289 N.E.2d 508 for the proposition that it is proper to send exhibits to the jury room with the exception of depositions. However, in view of the record before us, there is no indication that the Court's Exhibit No. 2 went to the jury. We will not presume error on the part of the trial court in the absence of such a showing. *Macon v. State* (1966), 248 Ind. 81, 221 N.E.2d 428, *cert. denied*, 386 U.S. 1038, 87 S.Ct. 1493, 18 L.Ed.2d 603.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., dissents with separate opinion in which DICKSON, J., concurs.

DeBRULER, Justice dissenting.

I must respectfully dissent from the holding of the majority approving of restrictions upon appellant's right of cross-examination.

Appellant was arrested in his home on an old, out of state warrant. Police then secured a search warrant for the premises and drugs were found. Harper, a police informant, appellant's roommate and the chief witness against him, was also arrested at that time for visiting a nuisance. The jury was aware of all of this. Defense counsel then asked Harper what was going on with that charge and Harper answered he didn't know. The State then objected. The prosecutor then, out of the presence of the jury, acknowledged that he had no intention of pursuing the prosecution. This forebearance had at least some appreciable value in persuading Harper to testify, and went directly to Harper's credibility and motive for testifying. Appellant was prevented from correcting the jury's impression that Harper was testifying even though he would still be prosecuted on the charge. The charge had not been dismissed. It just had no action taken on it for over a year. The prosecutor stated that forebearance of prosecution was not part of the agreement and therefore it was not a proper subject for questioning. It can be inferred that the State did not dismiss the charge so that they could hold it over Harper's head until he testified or so that they did not have to acknowledge any benefit given to Harper for his testimony. I believe that *Jarrett v. State* (1986), Ind., 498 N.E.2d 967, while addressing an accomplice's testimony rather than an informant's, is controlling.

DICKSON, J., concurs.